# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL RILINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV409-180 |
| | ) | |
| BERGELECTRIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Bergelectric Corporation moves to dismiss plaintiff's complaint as unexhausted. (Doc. 7.) Specifically, it contends that plaintiff never raised his claim before the Equal Employment Opportunity Commission ("EEOC") -- he submitted a claim of *race* discrimination to the EEOC, but claims *religious* discrimination here. (Doc. 7-1 at 1.) Plaintiff William Rilington does not dispute defendant's characterization.[1] (Doc. 8.) Indeed, he cannot. In his EEOC charge, which he attached to his complaint, he claimed only racial discrimination,

---

[1] Plaintiff did not timely respond to defendant's motion. Accordingly, the Court directed him to indicate whether he intended to stand upon his complaint or abandon his case. (Doc. 8.) In his response to that order, Rilington states that he has not abandoned his case. (Doc. 9.)

but he now claims that he was discriminated against solely based upon his religious beliefs. (Doc. 1 at 8; doc. 4 at 3.)

It is well established that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). Here, Rilington complained solely of racial discrimination in his EEOC charge. (Doc. 1 at 8 ("I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.").) His racial discrimination claim was the only basis for the subsequent investigation. (Doc. 1 at 7.) He never amended his charge to include a claim of religious discrimination, which is a wholly distinct theory that cannot have been expected to grow out of the initial charge. *See, e.g., Richardson v. JM Smith Corp.*, 473 F. Supp. 2d 1317, 1331 (M.D. Ga. 2007) (declining to permit plaintiff to bring unexhausted claim of religious discrimination that was never presented to the EEOC); *see also Enwonwu v. Fulton-DeKalb Hosp. Auth.*, 286 F. App'x 586, 600 (11th Cir. 2008) (claim of racial and national origin discrimination could not have been reasonably expected to grow out of an EEOC disability charge); *Scott v. Kindred Hosps. Ltd.*, 2006 WL 2523093 at *2-3 (N.D. Ga. Aug. 28,

2006) (dismissing claim for racial discrimination as unexhausted where plaintiff had only alleged age and disability discrimination in her EEOC charge). Accordingly, his complaint should be **DISMISSED** as unexhausted. *Ramon v. AT&T Broadband*, 195 F. App'x 860, 865 (11th Cir. 2006) (holding that a plaintiff must exhaust her remedies prior to filing a Title VII suit by filing a charge of discrimination with the EEOC that is like or related to the claim raised in the complaint).

**SO REPORTED AND RECOMMENDED** this  28th  day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA